IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FLOYD MCNEAL,

              Plaintiff,

v.                                   Case No. 07-4125-JAR

MIKE CUSTENBORDER, et al.

              Defendants.

**AGREED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION**

This matter comes before the court as an agreed order pursuant to Federal Rule of Civil Procedure 26(c).  This case concerns a stop and search alleged to be unconstitutional by plaintiff, calling into question policies of the Kansas Department of Corrections which are classified as "Staff Read Only" and which the Department asserts are essential to officer safety and security.  Also at issue may be mental health records, medical records, and/or criminal history information of the plaintiff, as well as personnel records, all of which include private information.  Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential or proprietary information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case,

IT IS ORDERED:

1.   This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, recordings, electronically stored information, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.   Any party may designate as "Confidential" any discovery materials that are deemed in good faith by that party to contain, embody, reflect or otherwise disclose (a) information of a confidential, personal or proprietary nature, or (b) information that would cause unreasonable annoyance, embarrassment, or oppression and disclosure of which would cause significant public and/or private harm.  Counsel for the party designating any information as CONFIDENTIAL may, in writing, agree to release any of the CONFIDENTIAL INFORMATION from the requirements of this order.  Notwithstanding the fact that a party has designated materials as confidential, such designation may be removed by the following procedure:  A party may at any time request that the materials designated as confidential be re-designated as non-confidential.  Such an objection or request must be given to the other party in writing.  Within ten (10) days of receiving written notice, the parties must attempt to work out an agreement regarding the confidentiality of the materials; if such an agreement cannot be reached, either party may file a motion to determine whether the material should be treated as confidential.

The material in question shall be kept confidential pending a final ruling by the court on the motion for protective order. The fact that the material is designated as CONFIDENTIAL however, shall not delay or otherwise interfere with its discovery. This Order is without prejudice to the rights of any party to seek its modification or amendment by further order of this Court. The parties have consented to the entry of this Protective Order upon the express condition that they reserve the right to seek relief or supplemental order of this Court if the provision of this Protective Order would later result in undue burden or expense or would undermine counsel's ability to represent their clients in this case.

3.   Except for the prior written consent of the producing party, Confidential Discovery Material may not be disclosed to any person other than:

　　a.   any counsel of record working on this action on behalf of any party, including in-house counsel, all lawyers, paralegal assistants, secretarial, stenographic and clerical employees working under the direct supervision of such counsel;

　　b.   any individual who is a party, with disclosure only to the extent necessary to assist that party in this case except that no party may have possession of any other party's tax returns, classified policies, medical records, psychological or psychiatric records, police, prosecutor and juvenile investigative information and/or records; employment, disciplinary and financial records. No party may have

3

possession or make copies of any part of confidential records, but must be kept by counsel of record, shown to the party if and as necessary and returned to counsel;

c.   any person from whom testimony is taken to the extent it is necessary for such person to review their own deposition testimony;

d.   or any witness or potential witness in the case whose review of the documents is in the good faith judgment of the disclosing party's attorney reasonably necessary to assist the attorney or the attorney's staff in the investigation or preparation of the party's case, except that such person may only be shown copies of the CONFIDENTIAL material and may not retain CONFIDENTIAL material;

e.   any individual who is retained as a consultant or expert by the parties in this action.

f.   any court reporter present in his/her official capacity at any hearing, deposition or other proceeding in this action;

g.   the Court; and

h.   other persons by written agreement of the parties.

4.   All Confidential Discovery Materials shall be used and disclosed solely for the purposes of preparation, evaluation at trial or other resolution of this case and shall not be used or disclosed for any other purpose, unless ordered by this Court or another Court with jurisdiction, or any administrative agency with jurisdiction.

4

5.      Final resolution of this matter, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by this Order. Within sixty days of such final resolution, each party who received Confidential Discovery Materials shall, at its option, either:

    a.      Return all copies thereof; or

    b.      Furnish to the producing party a certificate stating that all such copies have been collected and destroyed.

6.      Nothing in this Order shall:

    a.      Restrict the right of any party to disclose any Confidential Discovery Material produced or provided by that party to any other person;

    b.      Restrict the right of any party to use Confidential Discovery Materials in any hearing or trial in this case; provided, however, that the parties agree to cooperate prior to any such hearing or trial to develop appropriate procedures for the protection of Confidential Discovery Material from disclosure to the public.  Specifically, the parties agree to seek the issuance of an order providing, to the fullest extent possible, that the use or disclosure of trial or hearing testimony and trial or hearing exhibits shall be subject to the same limitations and restrictions as are provided for Confidential Discovery Material under this Order;

    c.      Prevent any party from objecting to discovery that the party believes is improper for any reason; and

      d.      Preclude any party from seeking any further additional protection for Confidential Discovery Material not provided in this Order.

7.      In the event a party wishes to use any information identified as Confidential any transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearings in this action, that party shall file a motion seeking leave to file such information used therein under seal. In the event the court grants the party's motion, such information shall be maintained under seal by the Court and shall be treated as Confidential. See, e.g., <u>Holland v. GMAC Mortg. Corp</u>., 2004 WL 1534179, at *2 (D. Kan. June 30, 2004) (setting forth standard for obtaining leave to file documents under seal); <u>Worford v. City of Topeka</u>, 2004 WL 316073 (D. Kan. Feb. 17, 2004) (same).

8.      D. Kan. Rule 5.4.6 governing sealed documents currently requires conventional filing for all documents ordered to be placed under seal in civil cases until the Electronic Filing System "has adequate confidentiality procedures for sealed documents." Pursuant to Standing Order 07-03, as of July 19,2007, the District of Kansas has adopted such adequate procedures for the electronic filing of sealed documents.

Standing Order 07-03[1] provides in part:

[I]n civil cases, a party filing a motion for leave to file documents under seal shall file that motion electronically under seal in the filing system. The motion for leave to file under seal shall attached as sealed exhibits the

_____

[1]This order is located on the District's website.

document(s) the party wishes to be filed under seal. . . .  Finally, the party shall provide the motion and document(s) it wishes to be filed under seal to all other parties in the case.  If the motion for leave to file under seal is granted, the assigned judge will enter electronically an order authorizing the filing of the document(s) under seal.  The assigned judge will also direct the clerk's office to grant to all attorneys who have entered an appearance in that case . . . the ability to view sealed documents in that case . . . .  The filing party shall then file its document(s) electronically under seal.

IT IS SO ORDERED.

Dated this 7th day of March, 2008, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
United States Magistrate Judge