IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FLOYD MCNEAL, )<br>　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　)<br>vs. 　　　　　　　　　　　　　　)　Case No. 07-4125-JAR<br>　　　　　　　　　　　　　　　)<br>MIKE CUSTENBORDER, )<br>OFFICER L. GREEN, AND )<br>OFFICER HANNAN, )<br>　　　　　　　　　　　　　　　)<br>　　　　　　Defendant. )<br>　　　　　　　　　　　　　　　) | |

## **ORDER**

This matter comes before the court upon plaintiff's counsel's Motion to Withdraw (Doc. 38), seeking to withdraw as attorney of record for the plaintiff. The docket indicates that a copy of this Motion was sent to plaintiff by first class mail, but not by certified mail.

D. Kan. Rule 83.5.5 requires a motion to withdraw to be "served either personally or by certified mail, restricted delivery, with return receipt requested on the withdrawing attorney's client. Proof of personal service or the certified mail receipt, signed by the client, or a showing satisfactory to the court that the signature of the client could not be obtained, shall be filed with the clerk."

It appears that Gene E. Schroer, plaintiff's counsel, has not met the requirements of D. Kan. Rule 83.5.5 because plaintiff has not been personally served with the instant motion, nor has a receipt from a certified mailing been returned and filed with the court. However, prior to the filing of the instant motion, plaintiff personally contacted the clerk's office and the undersigned's chambers asking to represent himself because he had terminated his relationship with his counsel, Mr. Schroer. Additionally, on June 25, 2008 plaintiff contacted the clerk's office after receiving the

instant motion.[1]

In light of plaintiff's request to terminate his relationship with Mr. Schroer in this matter, and considering that the local rules, "shall, in special cases, be subject to such modification as the court may deem necessary or appropriate to meet emergencies or to avoid injustice or great hardship", the court shall grant Mr. Schroer's request to withdraw.[2]

IT IS THEREFORE ORDERED that Mr. Schroer's Motion to Withdraw (Doc. 38) is granted.

**IT IS FURTHER ORDERED that on or before August 18, 2008 plaintiff shall retain new counsel and have counsel file an entry of appearance; or on or before August 18, 2008, plaintiff shall file a notice with the court stating that he is representing himself and prepared to proceed**.

IT IS FURTHER ORDERED that the parties' July 28, 2008 Final Pretrial conference is postponed pending further order of the court, and a telephone status conference is set for **August 20, 2008 at 1:30 p.m.** By **August 19, 2008** defense counsel, and either plaintiff or plaintiff's attorney, shall inform the undersigned by phone, 785-295-2734, or email, ksd_sebelius_chambers@ksd.uscourts.gov, of the phone number where they can be reached for the

---

[1] It has come to the court's attention that plaintiff, whether out of understandable frustration or otherwise, has treated members of the Clerk's office in a less than polite manner. While the court can understand that the deterioration of plaintiff's relationship with his counsel has caused plaintiff great vexation, plaintiff shall refrain from using improper tone or language with employees of the clerk's office. *See e.g.*, *Garrett v. Shelby*, 425 F.3d 836, 841 (10th Cir. 2005) ("Due to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates. This power is organic, without need of statute or rule for its definition, and it is necessary to the exercise of all other powers.")(citation omitted).

[2] D. Kan. Rule 1.1.

status conference.

**IT IS SO ORDERED.**

Dated this   25th   day of July, 2008, at Topeka, Kansas.

                                          s/ K. Gary Sebelius
                                          K. Gary Sebelius
                                          U.S. Magistrate Judge